FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 15  PM 4: 03

LORETTA G. WHYTE
CLERK

UNITED STATES   DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES and REBECCA WALLACE, ET AL | CIVIL ACTION |
| versus | NO.  06-0114 |
| LOUISIANA CITIZENS PROPERTY<br>INSURANCE CORPORATION, ET AL | SECTION: E/1 |

## ORDER AND REASONS

This matter is before the Court on plaintiffs' (collectively "Wallace") motion to remand, record document #5, and defendants Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company's motion to continue Wallace's motion to remand.  Record document #11.  Oral argument was heard on this day.  From the bench at oral argument, the Court **DENIED** defendants' motion to continue and **GRANTED** Wallace's motion to remand.  The Court now assigns reasons for granting the motion to remand.

## FACTS AND PROCEDURAL BACKGROUND

This is a Class Action Petition by property owners in Plaquemines Parish against Louisiana insurers regarding whether the plaintiffs are entitled to recover the full value stated on the face of their insurance policies for the total loss of their insured property as a result of Hurricane Katrina, pursuant to Louisiana law.  The lawsuit is brought solely pursuant to state

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc. No_____

law, La.R.S. 22:695(A) of the State Insurance Code, known as the "Valued Policy Law" (VPL).  It was filed in state court and removed to district court by the intervening defendants in this lawsuit - Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company, who have also filed the motion to continue.

**ANALYSIS**

Removal was based on 28 U.S.C. 1441(e)(1)(B), a new removal provision enacted in 2002 as a companion to 28 U.S.C. 1369, the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA).  The MMTJA provides for original federal jurisdiction over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location".  28 U.S.C. 1369(a). The companion removal statute provides for the removal of a civil action by a defendant in a state court action if:

> the defendant is a party to an action which is or could have been brought in whole or in part under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

28 U.S.C. 1441(e)(1)(B).

This action could not have been brought in federal court

-2-

pursuant to 28 U.S.C. 1369 because there is no minimal diversity. However, there is a consolidated civil action pending in the Middle District before Judge Polozola, <u>Chehardy et al v. Wooley, et al</u>, No. 05-1140, in which the removing defendants in <u>Wallace</u> are also defendants.  The question of the federal district court's jurisdiction of the <u>Chehardy</u> cases pursuant to 28 U.S.C. 1369 is pending before that court.  Briefing is scheduled to be complete on February 16, and a hearing is scheduled for March 9, 2006.[1]

In the memorandum in support of their motion to remand this case, Wallace argues that this court does not have jurisdiction because there is no minimal diversity as required by 28 U.S.C. 1369, nor is jurisdiction present pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d)(2).  He also points out that the factual basis, legal issues and causes of action in the <u>Chehardy</u> cases are completely different from the <u>Wallace</u> case, and that the two should not be consolidated.

Defendants argue that should Judge Polozola determine that the federal district court has jurisdiction over the <u>Chehardy</u>

---

[1] In their motion to continue Wallace's motion to remand, the defendants argued that this court's jurisdiction of <u>Wallace</u> is entirely dependent on whether the Middle District finds that it has jurisdiction over <u>Chehardy</u>. The defendants' argued that this court should continue the motion to remand pending Judge Polozola's decision on jurisdiction.  The Court disagreed.

cases pursuant to 28 U.S.C. 1369, then the removal of this case
is proper and this court has jurisdiction as well because 28
U.S.C. 1441(e)(1)(B) "mandates that federal jurisdiction exists
even if the case 'could not have been brought in a district court
as an original matter'". Defendants' Opposition, p. 4. The
Court disagrees.

In a reply memorandum to defendants' opposition to remand,
Wallace argues persuasively that this case fits squarely into the
"exception" to jurisdiction under 28 U.S.C. 1369. Subsection
(b), entitled "Limitation of jurisdiction of district courts",
provides as follows:

> The district court **shall abstain** from hearing any civil
> action described in subsection (a) in which-
> (1)   the substantial majority of all plaintiffs are citizens
>       of a single State of which the primary defendants are
>       also citizens; **and**
> (2)   the claims asserted will be governed primarily by the
>       laws of that State.

28 U.S.C. 1369(b).

In this case, all plaintiffs and all defendants are
Louisiana citizens, and the only cause of action arises under
state law. Even assuming that the Middle District has
jurisdiction over Chehardy, this court must abstain from
exercising jurisdiction over Wallace. It would be a waste of
judicial resources to continue the motion to remand since this

-4-

court cannot hear the case no matter what the Middle District decides regarding its jurisdiction over Chehardy.

Accordingly,

**IT IS ORDERED** that Wallace's motion to remand this matter is **GRANTED**; and

**IT IS FURTHER ORDERED** that this matter **BE AND IS HEREBY REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines.

New Orleans, Louisiana, February __15__, 2006.


_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge